UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

QUANDRAIKO HAYES,

          Petitioner,                            Case No. 1:19-cv-13470

v.                                            Honorable Thomas L. Ludington
                                            United States District Judge

CONNIE HORTON,

          Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS,
DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND DENYING
LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Quandraiko Hayes was convicted by a judge in the Wayne County Circuit Court of assault with intent to do great bodily harm less than murder (AWIGBH), MICH. COMP LAWS § 750.84; intentionally discharging a firearm in a dwelling causing serious impairment of a body function, MICH. COMP LAWS § 750.234b(4); felony firearm, MICH. COMP LAWS § 750.227b; and being a fourth felony habitual offender, MICH. COMP LAWS § 769.12. *See* ECF No. 1 at PageID.12.

Petitioner, incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, has filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Petitioner contends (1) that there was insufficient evidence to convict him, (2) that he was denied the effective assistance of counsel, (3) that his sentence violated the Eighth Amendment because it was disproportionate, and (4) that the sentencing court violated the Ex Post Facto Clause by using his prior convictions to impose a mandatory minimum of 25 years' imprisonment on the habitual-offender charge.

Respondent filed an answer to the Petition, asserting that Petitioner's claims lack merit, are procedurally defaulted, or both. ECF No. 10. This Court agrees that Petitioner's claims have no merit or are procedurally defaulted. Accordingly, the Petition will be denied.

## I.

Petitioner was convicted at a bench trial in the Wayne County Circuit Court. This Court recites the relevant facts upon which the Michigan Court of Appeals relied, which are presumed correct on habeas review under 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> This case arises from the nonfatal shooting of the victim in the early morning hours of February 7, 2017. The prosecution presented testimony from the victim and his girlfriend. Both witnesses testified that they had been staying with Hayes at his home, but Hayes told them to leave and then retrieved a shotgun. Hayes fired the gun, hitting the victim in the arm. The victim, who the trial court found was reluctant to testify at trial, claimed that the shooting was an accident. The victim's girlfriend denied seeing the shot fired and said she was intoxicated at the time. Hayes testified on his own behalf and claimed that the shooting was accidental. The trial court discredited the testimony indicating that the shooting was accidental and found the testimony offered by the victim's girlfriend unreliable because she was intoxicated. It found beyond a reasonable doubt that Hayes intentionally fired the shotgun at the victim and convicted Hayes of AWIGBH, intentional discharge of a firearm in or at a dwelling causing serious impairment, and felony-firearm. Pursuant to MCL 769.12(1)(a), the trial court sentenced Hayes to mandatory 25-year minimum sentences for the AWIGBH and intentional discharge of a firearm convictions, to be served consecutive to a two-year sentence for the felony-firearm conviction. This appeal followed.

*People v. Hayes*, No. 339563, 2019 WL 208023, at * 1 (Mich. Ct. App. Jan. 15, 2019) (unpublished) (per curiam).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The trial court violated the Fifth and Fourteenth Amendments of the United States Constitution, due process of law and Due Process Clause rights, by admitting legally insufficient evidence to prove beyond a reasonable doubt that Quandraiko Hayes committed the offense of assault with intent to do great bodily harm less than murder.

II. The trial court violated the Sixth and Fourteenth Amendments of the United States and Michigan constitutions, right to effective assistance of counsel and Due Process Clause rights, because Quandraiko Hayes received ineffective assistance of counsel during trial.

III. The trial court violated the Fourteenth and Eighth Amendments of the United States Constitution, Due Process Clause rights and cruel and unusual punishment respectively, where Quandraiko Hayes was improperly enhanced in sentence under Michigan Compiled Laws § 769.12(1)(a), because not all prior offenses could be used, resulting in a disproportionate sentence.

IV. The trial court violated the Sixth and Fourteenth Amendments of the United States and Michigan constitutions, right to effective assistance of counsel and Due Process Clause rights, because Quandraiko Hayes received ineffective assistance of counsel during trial.

V. The trial court violated the *ex post facto* laws of the United States Constitution, articles I and X, by admitting Quandraiko Hayes's prior convictions of amended laws under Michigan Compiled Laws § 769.12(1)(a) to impose a mandatory 25-year sentence.

ECF No. 1 at PageID.14–15, 19.

## II.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially

indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410–11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (*citing Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In this way, to obtain habeas relief in federal court, state prisoners must show that the state court's rejection of their claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

### III.

### A.

Petitioner first contends that there was insufficient evidence presented at trial for the judge to convict him of the charges: to show that the shooting was intentional rather than accidental. ECF No. 1 at PageID.28–32.

### 1.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship,* 397 U.S. 358, 364 (1970).

But in reviewing the sufficiency of the evidence to support a criminal conviction, the crucial question is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979); *see also* William E. Thro, *No*

*Angels in Academe: Ending the Constitutional Deference to Public Higher Education*, 5 BELMONT L. REV. 27, 55 (2018) (stating that "beyond a reasonable doubt" means "99% certainty").

The court need not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." *Id.* Rather, the relevant question is "whether after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 307. The *Jackson* standard applies to bench trials, as well as to jury trials. *See, e.g.*, *United States v. Bronzino*, 598 F. 3d 276, 278 (6th Cir. 2010).

A federal habeas court cannot overturn a state-court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim. Rather, the federal court may grant habeas relief only if the state-court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 565 U.S. 1, 2 (2011) ("Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold."). Indeed, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012).

A state court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under AEDPA." *Id.*

Finally, on habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F. 2d 675, 679 (6th Cir. 1992). Therefore, a habeas

court must defer to the factfinder's assessment of the witnesses' credibility. *Matthews v. Abramajtys*, 319 F. 3d 780, 788 (6th Cir. 2003); *see also United States v. Vance*, 956 F.3d 846, 853 (6th Cir. 2020) (holding that in a bench trial, "the district court, as the finder of fact, is best placed to determine witness credibility" (citing *United States v. Bingham*, 81 F.3d 617, 635 (6th Cir. 1996))).

## 2.

Under Michigan law, the elements of assault with intent to do great bodily harm less than murder are: "(1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm *less than murder*." *Raybon v. United States*, 867 F.3d 625, 632 (6th Cir. 2017) (quoting *People v. Brown*, 703 N.W.2d 230, 236 (Mich. Ct. App. 2005)). Assault with intent to do great bodily harm is a specific intent crime which requires "an intent to do serious injury of an aggravated nature," but an actual injury need not occur. *Id.* (internal citations omitted).

Under Michigan law, intentionally discharging a firearm into an occupied structure "is a general intent crime that 'only requires proof that defendant intentionally discharged the firearm' and not 'proof of the intent to cause a particular result the intent that a specific consequence occur as a result of the performance of the prohibited act.'" *Henry v. Martin*, 105 F. App'x. 786, 788–89 (6th Cir. 2004) (unpublished) (quoting *People v. Henry*, 239 Mich.App. 140, 607 N.W.2d 767, 770 (1999) (per curiam)). The elements of felony-firearm are that the defendant "possessed a firearm while committing, or while attempting to commit, a felony offense." *See Parker v. Renico*, 506 F. 3d 444, 448 (6th Cir. 2007) (citing MICH. COMP. LAWS § 750.227b).

## 3.

The Michigan Court of Appeals rejected Plaintiff's claim as follows:

Hayes argues that there was insufficient evidence to support his conviction of AWIGBH because there was no evidence that he intended to cause great bodily harm. Although Hayes and the victim both testified that the shooting was an accident, the trial court disbelieved that testimony. We defer to the trial court's credibility determinations. The evidence at trial was sufficient to enable the trial court to find that the elements of AWIGBH were proven beyond a reasonable doubt. First, the evidence allowed the trial court to find that Hayes attempted with force or violence to do corporal harm to the victim by firing a shotgun at him. Second, Hayes's intent to do serious injury of an aggravated nature can be inferred from Hayes's requests that the victim and his girlfriend leave, followed by his conduct of obtaining a shotgun and then discharging the gun while it was pointed toward the victim. The victim's girlfriend testified that Hayes told them to "get out" while pointing the shotgun at her, which can reasonably be interpreted as a threat. Further, Hayes's intent can be inferred from his use of a dangerous weapon and the victim's injury. Hayes's actions after the shooting further support an inference that the shooting was not an accident. Hayes prevented the victim's girlfriend from calling 911, put the shotgun behind a couch in another room, and left the location. The trial court reasonably could have found that these actions were inconsistent with Hayes's claim that the shotgun discharged accidently.

*People v. Hayes*, No. 339563, 2019 WL 208023, at *2 (Mich. Ct. App. Jan. 15, 2019) (unpublished) (per curiam) (internal citations omitted).

The Michigan Court of Appeals used this reasoning to reject Petitioner's sufficiency of evidence challenge to his other two convictions. *People v. Hayes*, 2019 WL 208023, at * 4.

**4.**

The Michigan Court of Appeals's decision was reasonable, precluding relief. When viewed in a light most favorable to the prosecution, the evidence established that the shooting was intentional—not accidental, as Petitioner claimed. Petitioner became angry at the victim and his girlfriend, obtained a shotgun, pointed it at the victim's girlfriend while telling the victim and his girlfriend to leave, and then discharged the shotgun. Petitioner then prevented the girlfriend from calling 911 before hiding the shotgun behind a couch in another room and leaving the crime scene. From that evidence, this Court concludes that a rational judge not only could have rejected Petitioner's claim that the shooting was accidental, but also could have concluded that the elements

of the charged offenses had been proven beyond a reasonable doubt. Therefore, Petitioner is not entitled to habeas relief on his sufficiency-of-evidence claim. *See, e.g.*, *Draughn v. Jabe*, 803 F. Supp. 70, 79–80 (E.D. Mich. 1992).

Moreover, the judge decided to reject any testimony that the shooting was accidental, which he based on his determination that such testimony was incredible in light of the other evidence. A federal court reviewing a state-court conviction on habeas review "faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Cavazos v. Smith,* 565 U.S. 1, 7 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 326 (1979)). Moreover, when evidence in a bench trial "consists largely of contradictory oral evidence, due regard must be accorded the trial court's opportunity to judge the credibility of witnesses." *Bryan v. Virgin Islands,* 150 F. Supp. 2d 821, 827 (D.V.I. 2001) (per curiam), *aff'd sub nom. Virgin Islands v. Bryan*, 29 F. App'x 65 (3d Cir. 2002) (unpublished).

In this case, the trial court judge discredited the Petitioner's and victim's testimony that the shooting was accidental. This Court must defer to the trial court's credibility findings. *Id.* at 828; *United States v. Vance*, 956 F.3d 846, 853 (6th Cir. 2020).

**B.**

Petitioner also claims that the prosecutor failed to disprove that he shot in self-defense. ECF No. 1 at PageID.28–32.

**1.**

Petitioner's claim is not cognizable on habeas review. Under Michigan law, self-defense is a common-law affirmative defense. *See People v. Dupree*, 788 N.W.2d 399, 404 (Mich. 2010). "An affirmative defense, like self-defense, 'admits the crime but seeks to excuse or justify its

commission. It does not negate specific elements of the crime.'" *People v. Reese*, 815 N.W.2d 85, 101 n.76 (2012) (quoting *Dupree*, 788 N.W.2d at 405 n.11). Although the prosecutor must disprove a claim of self-defense under Michigan law, *see People v. Watts*, 232 N.W.2d 396, 398 (Mich. Ct. App. 1975), "[p]roof of the nonexistence of all affirmative defenses has never been constitutionally required," *see Smith v. United States*, 568 U.S. 106, 110 (2013) (quoting *Patterson v. New York*, 432 U.S. 197, 210 (1977)). Further, "[i]n those States in which self-defense is an affirmative defense to murder, the Constitution does not require that the prosecution disprove self-defense beyond a reasonable doubt." *Gilmore v. Taylor*, 508 U.S. 333, 359 (1993) (Blackmun, J., dissenting) (citing *Martin v. Ohio*, 480 U.S. 228, 233, 234 (1987)); *see also Allen v. Redman*, 858 F.2d 1194, 1197 (6th Cir.1988) (explaining that habeas review of sufficiency-of-the-evidence claims is limited to elements of the crimes as defined by state law (first citing *Engle v. Isaac*, 456 U.S. 107 (1982); and then citing *Duffy v. Foltz*, 804 F.2d 50 (6th Cir. 1986))). Therefore, "the due process 'sufficient evidence' guarantee does not implicate affirmative defenses." *Caldwell v. Russell,* 181 F.3d 731, 740 (6th Cir. 1999) ("[P]roof supportive of an affirmative defense cannot detract from proof beyond a reasonable doubt that the accused had committed the requisite elements of the crime."). As indicated, Petitioner's claim that the prosecutor failed to disprove his affirmative defense of self-defense is not cognizable on habeas review. *Id.*; *Allen v. Redman,* 858 F. 2d at 1200.

## 2.

Even if Petitioner's claim was cognizable, he would not be entitled to habeas relief. The Michigan Court of Appeals rejected Petitioner's claim as follows:

> In this case, there was ample evidence to discount Hayes's claim of self-defense. Initially, Hayes testified that he obtained the shotgun in order to scare the victim. Thus, Hayes was engaged in the commission of a crime, felonious assault, and could not justifiably claim self-defense. In addition, although Hayes

claimed that the victim moved toward him and, at some point, threatened to take the gun from him, the victim was not armed with a weapon and there is no indication that the victim used deadly force against Hayes. Hayes's mere expression of fear did not allow a trier of fact to conclude that Hayes's actions were necessary to prevent imminent death or great bodily harm. Thus, there was sufficient evidence to exclude beyond a reasonable doubt any claim of self-defense.

*People v. Hayes*, No. 339563, 2019 WL 208023, at *3 (Mich. Ct. App. Jan. 15, 2019) (unpublished) (per curiam) (internal citations and footnote omitted).

Under Michigan law, self-defense requires an honest and reasonable belief of imminent serious bodily harm or death based on the defendant's circumstances at the time of the act. *Blanton v. Elo*, 186 F. 3d 712, 713, n.1 (6th Cir. 1999) (first citing *People v. Heflin*, 456 N.W.2d 10 (1990); and then quoting Mich. Std. Crim. Jury Instr. 2d 7.15(3)). The evidence must show that: (1) the defendant honestly and reasonably believed that he or she was in danger; (2) the danger feared was death or serious bodily harm or imminent forcible sexual penetration; (3) the action taken appeared at the time to be immediately necessary; and (4) the defendant was not the initial aggressor. *Johnigan v. Elo*, 207 F. Supp. 2d 599, 608–09 (E.D. Mich. 2002) (first citing *People v. Barker*, 468 N.W. 2d 492, 494 (Mich. 1991) (Levin, J., dissenting); then citing *People v. Kemp*, 508 N.W.2d 184, 187 (Mich. Ct. App. 1993), *abrogated on other grounds by People v. Reese*, 815 N.W.2d 85 (Mich. 2012); and then citing *People v. Deason*, 384 N.W.2d 72, 74 (Mich. Ct. App. 1985))). Defendants may not use any more force than the amount necessary to defend themselves. *Johnigan,* 207 F. Supp. 2d at 609 (citing *Kemp*, 508 N.W.2d at 187). "[T]he law of self-defense is based on necessity, and a killing or use of potentially lethal force will be condoned only when the killing or use of potentially lethal force was the only escape from death, serious bodily harm, or imminent forcible sexual penetration under the circumstances." *Id.* (internal citation omitted).

The Michigan Court of Appeals' decision was reasonable, precluding relief. Petitioner was not entitled to shoot in self-defense because he was the initial aggressor, as he obtained the shotgun

and pointed it at the victim and the victim's girlfriend. Moreover, defendants cannot claim statutory self-defense if they were committing a crime when they used deadly force. *See* MICH. COMP. LAWS § 780.972(2). Petitioner's act of pointing a shotgun at the victim's girlfriend amounted to a felonious assault, which precluded him from raising statutory self-defense. Further, there was no evidence or testimony that the victim was armed, disproving Petitioner's self-defense claim. *See, e.g.*, *Johnson v. Hofbauer,* 159 F. Supp. 2d 582, 597 (E.D. Mich, 2001) (sufficient evidence demonstrated that the defendant did not act in self-defense, because the defendant had begun shooting as the victim was retreating, there was no evidence that victim was armed, and the evidence of whether the victim appeared to be drawing weapon was conflicting). Finally, self-defense was inconsistent with Petitioner's testimony that he shot accidentally rather than intentionally. *See, e.g.*, *Taylor v. Withrow*, 288 F.3d 846, 853–54 (6th Cir. 2002) (holding that petitioner could not claim self-defense under Michigan law because he testified that he shot accidentally). As indicated, Petitioner is not entitled to relief on this claim.

## C.

Petitioner's second claim asserts that he was denied the effective assistance of trial counsel because his trial counsel failed to call a firearms expert and to argue self-defense at trial. ECF No. 1 at PageID.33–36.

To prevail on his ineffective-assistance claims, Petitioner must show that the state court's conclusion regarding these claims was contrary to or an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: Petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

- 11 -

**1.**

Petitioner first contends that trial counsel was ineffective for failing to call a firearms expert to support his accidental-discharge defense. ECF No. 1 at PageID.34–35.

The Michigan Court of Appeals rejected that claim as follows:

> Hayes argues that an expert "could have aided the defense theory" that the shotgun accidentally discharged. Hayes, however, fails to offer any proof that an expert witness would have testified in a manner favorable to the defense. Accordingly, Hayes has not established the factual predicate for this claim. Therefore, this claim cannot succeed.

*People v. Hayes*, No. 339563, 2019 WL 208023, at *5 (Mich. Ct. App. Jan. 15, 2019) (unpublished) (per curiam) (internal citation omitted).

The Michigan Court of Appeals's decision was reasonable, precluding habeas relief. A habeas petitioner's claim that trial counsel was ineffective for failing to call an expert witness cannot be based on speculation. *See Keith v. Mitchell*, 455 F.3d 662, 672 (6th Cir. 2006). Petitioner presented no evidence to the Michigan courts or this Court that there was a firearms expert who would testify favorably on his behalf. In the absence of such proof, Petitioner cannot establish that he was prejudiced by counsel's failure to call a firearms expert to testify at trial in support of the second prong of a claim for ineffective assistance of counsel. *See Clark v. Waller,* 490 F. 3d 551, 557 (6th Cir. 2007) ("Indeed, he has offered no evidence, beyond his assertions, to prove what the content of Wafford's testimony would have been; *a fortiori*, he cannot show that he was prejudiced by its omission." (citing *Stewart v. Wolfenbarger*, 468 F.3d 338, 353 (6th Cir.2006))).

**2.**

Petitioner also contends that trial counsel was ineffective for failing to advance a self-defense theory at trial. ECF No. 1 at PageID.35–36.

The Michigan Court of Appeals rejected that claim as follows:

> As discussed earlier, a self-defense theory was not supported by Hayes's testimony or the evidence presented at trial. Accordingly, trial counsel was not ineffective for failing to pursue a theory of self-defense.

*People v. Hayes*, 2019 WL 208023, at * 5.

The Michigan Court of Appeals concluded that counsel was not ineffective for failing to present a self-defense claim that was unsupported by the evidence. Counsel was not ineffective for failing to advance a meritless self-defense claim. *See, e.g.*, *Ivory v. Jackson*, 509 F.3d 284, 296 (6th Cir. 2007). Accordingly, Petitioner is not entitled to relief on his second claim.

### D.

Respondent contends that, for various reasons, Petitioner procedurally defaulted his remaining claims. ECF No. 10 at PageID.453–59, 469–70, 473–74.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless the petitioner can demonstrate (1) "cause" for the default and actual prejudice as a result of the alleged constitutional violation; or (2) that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991). If a petitioner fails to show cause for his procedural default, the court need not reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). But in an extraordinary case of a constitutional error that has probably resulted in the conviction of an innocent person, a federal court may consider the constitutional claims presented even without a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479–80 (1986). To be credible, such a claim of innocence requires the petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998).

But the Sixth Circuit has noted that when "a straightforward analysis of settled state procedural default law is possible, federal courts cannot justify bypassing the procedural default issue." *Sheffield v. Burt*, 731 F. App'x 438, 441 (6th Cir. 2018) (unpublished).

### 1.

Respondent argues that Petitioner procedurally defaulted his third and fifth claims because he failed to preserve the issues at trial by objecting, and that the Michigan Court of Appeals consequently reviewed these claims for only plain error. ECF No. 10 at PageID.453–59, 473–74.

The Michigan Court of Appeals concluded that Petitioner's third claim (alleging that his sentence violated the Eighth Amendment's ban on cruel and unusual punishment) and fifth claim (that the judge violated due process and the Ex Post Facto Clause of the Fifth Amendment by using prior convictions to sentence him as a fourth habitual offender) would be reviewed for plain error because Petitioner had failed to preserve both issues at the trial-court level. The Michigan Court of Appeals also found no plain error regarding either claim that would justify reversing Petitioner's sentence or habitual-offender conviction. *People v. Hayes*, No. 339563, 2019 WL 208023, at *5–8 (Mich. Ct. App. Jan. 15, 2019) (unpublished) (per curiam).

Michigan law requires defendants in criminal cases to present their claims in the trial court to preserve them for appellate review. *See People v. Carines*, 597 N.W.2d 130, 137–38 (Mich. 1999). Under Michigan law, a defendant must argue in the state trial court that his sentences were unconstitutionally cruel or unusual in order to preserve the issue for appellate review. *See People v. Bowling*, 299 Mich. App. 552, 557, 830 N.W.2d 800, 803 (2013); *see also Jordan v. Warren*, No. 19-2319, 2020 WL 2319125, at * 2 (6th Cir. Feb. 20, 2020) (holding that the habeas petitioner procedurally defaulted his claim that his mandatory-minimum 25-year sentence violated the Eighth Amendment because he failed to raise the claim at sentencing). Likewise, Petitioner did not

preserve his claim that the trial court erred by sentencing him as a fourth-offense habitual offender, because he did not raise this issue in the trial court. *See People v. Siterlet*, 829 N.W.2d 285, 287 (Mich. Ct. App. 2012), *aff'd in part, vacated in part on other grounds*, 840 N.W.2d 372 (Mich. 2013).

Petitioner procedurally defaulted his third and fifth claims. The Michigan Court of Appeals's plain-error review of Petitioner's third and fifth claims "does not constitute a waiver of state procedural default rules." *See Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000) (citing *Paprocki v. Foltz*, 869 F.2d 281, 284–85 (6th Cir. 1989)). Instead, this Court should view the Michigan Court of Appeals's plain-error review of Petitioner's claims as an enforcement of the State's procedural-default rules. *See Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001).

**2.**

Respondent argues that Petitioner procedurally defaulted his fourth claim because he abandoned the claim on appeal by not adequately briefing it. ECF No. 10 at PageID.469–70.

The Michigan Court of Appeals rejected Petitioner's fourth claim—which he raised in a *pro per* supplemental brief[1]—because he failed to establish a factual basis for his claim and to adequately brief the issue. *People v. Hayes*, No. 339563, 2019 WL 208023, at *7 (Mich. Ct. App. Jan. 15, 2019) (unpublished) (per curiam).

Under Michigan law, "an appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment [of an issue] with little or no citation of supporting authority." *People v. Matuszak*, 687

---

[1] Standard 4 of Administrative Order 2004-6, 471 Mich. cii (2004), "explicitly provides that a *pro se* brief may be filed within 84 days of the filing of the brief by the appellant's counsel, and may be filed with accompanying motions." *Ware v. Harry*, 636 F. Supp. 2d 574, 594, n.6 (E.D. Mich. 2008) *objections overruled*, No. 06-CV-10553-DT, 2008 WL 4852972 (E.D. Mich. Nov. 7, 2008).

N.W.2d 342, 353 (Mich. Ct. App. 2004) (quoting *People v. Watson*, 629 N.W.2d 411, 421–22 (Mich. Ct. App. 2001)). Such cursory treatment constitutes abandonment of the issue. *Id.* Under Michigan law, parties who fail to develop any argument or cite any authority supporting a claim waive appellate review of the issue. *People v. Griffin*, 597 N.W.2d 176, 186 (Mich. Ct. App. 1999).

A state-court conclusion that an issue was waived is considered a procedural default of the issue. *See, e.g.*, *Shahideh v. McKee*, 488 F. App'x 963, 965 (6th Cir. 2012) (unpublished) (per curiam).

Petitioner waived appellate review of his fourth claim by offering only cursory support for the issue in his appellate brief. As indicated, Petitioner procedurally defaulted the claim.

Petitioner has offered no reason for his failure to preserve his third and fifth claims at the trial level or his failure to brief adequately his fourth issue on his appeal of right. Petitioner did not raise a claim of ineffective assistance of counsel, or any other reason, to excuse the various procedural defaults. By failing to raise any claim or issue to excuse the procedural default, Petitioner "has forfeited the question of cause and prejudice." *Rogers v. Skipper*, 821 F. App'x 500, 503 (6th Cir. 2020) (unpublished).

Additionally, Petitioner has not presented any new reliable evidence to support any assertion of innocence that would allow this Court to consider his defaulted claims grounds for a writ of habeas corpus despite the procedural default. Petitioner's sufficiency-of-evidence claim, his first claim, is insufficient to invoke the actual-innocence doctrine to the procedural-default rule. *See Malcum v. Burt,* 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003). For those reasons, Petitioner is not entitled to relief on his remaining claims.

**IV.**

- 16 -

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *Phillips v. Pollard*, No. 1:20-CV-13326, 2021 WL 5234507, at *5 (E.D. Mich. Nov. 10, 2021) (first citing 28 U.S.C. § 2253(c)(1)(a); and then citing FED. R. APP. P. 22(b)).

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Skaggs v. Parker*, 235 F.3d 261, 266 (6th Cir. 2000). When a court rejects a habeas claim on the merits, the substantial-showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000); *see also Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003) ("A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.").

Applying that standard, a district court may not review the full merits and must "limit its examination to a threshold inquiry into the underlying merit of [the petitioner's] claims." *Miller-El*, 537 U.S. at 336–37. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue if the petitioner demonstrates "that jurists of reason would find it debatable" not only whether the petition states a valid claim of the denial of a constitutional right" but also "whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Petitioner has failed to make a substantial showing of the denial of a constitutional right. For that reason, a certificate of appealability will not issue. *Williams v. McCullick*, No. 1:19-CV-10416, 2021 WL 5827010, at *6 (E.D. Mich. Dec. 8, 2021). And an appeal of this Order would

not be in good faith because Petitioner's arguments have no merit. *See* FED. R. APP. P. 24(a); *see*

*Royster v. Warden, Chillicothe Corr. Inst.*, No. 17-3205, 2017 WL 8218911, at *2 (6th Cir. Sept.

29, 2017). Consequently, Petitioner may not appeal *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

**V.**

Accordingly, it is **ORDERED** that the Petition for Writ of Habeas Corpus, ECF No. 1, is

**DENIED**.

Further, it is **ORDERED** that a certificate of appealability is **DENIED**.

Further, it is **ORDERED** that permission to appeal *in forma pauperis* is **DENIED**.

Dated: March 31, 2022                         s/Thomas L. Ludington
                                              THOMAS L. LUDINGTON
                                              United States District Judge