UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

QUANDRAIKO HAYES,

        Petitioner,                                  Case No. 1:19-cv-13470

v.                                                  Honorable Thomas L. Ludington
                                                        United States District Judge

CONNIE HORTON,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT, MOTION FOR EVIDENTIARY HEARING, AND MOTION FOR DISCOVERY**

Petitioner Quandraiko Hayes filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction for assault with intent to do great bodily harm less than murder, intentionally discharging a firearm in a dwelling causing serious impairment of a body function, felony-firearm, and being a fourth felony habitual offender. ECF No. 1.

This Court denied the Petition and declined to grant Petitioner a certificate of appealability or leave to appeal *in forma pauperis*. *See generally Hayes v. Horton*, No. 1:19-CV-13470, 2022 WL 989211 (E.D. Mich. Mar. 31, 2022).

Petitioner has filed a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), ECF No. 16; a motion for an evidentiary hearing, ECF No. 17; and a motion for discovery, ECF No. 18. As explained hereafter, Petitioner's three motions will be denied.

Granting a motion to alter or amend judgment under Rule 59(e) is within a district court's discretion. *Davis ex rel. Davis v. Jellico Cmty. Hosp., Inc.*, 912 F. 2d 129, 132 (6th Cir. 1990). A motion to alter or amend judgment will generally be granted if the district court made a clear error of law, there is an intervening change in the controlling law, or granting the motion would prevent

some manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F. 3d 804, 834 (6th Cir. 1999). "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n.5 (2008)). Moreover, a Rule 59(e) motion to alter or amend judgment is not a substitute for an appeal. *See Johnson v. Henderson*, 229 F. Supp. 2d 793, 796 (N.D. Ohio 2002).

District courts "must deny . . . a motion to alter or amend judgment pursuant to Rule 59(e)" if the motion merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication." *Hence v. Smith*, 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999) (citation omitted).

Petitioner's Motion to Alter or Amend Judgment merely re-raises the same arguments from his Petition for a Writ of Habeas Corpus. *Compare* ECF No. 1, *with* ECF No. 16. In denying that Petition, this Court considered and rejected Petitioner's current arguments. *See generally Hayes v. Horton*, No. 1:19-CV-13470, 2022 WL 989211 (E.D. Mich. Mar. 31, 2022). In other words, Petitioner's Rule 59(e) Motion merely "relitigate[s] old matters." *Brumley*, 909 F.3d at 841.

Because Petitioner has merely presented "the same issues ruled upon by the Court, either expressly or by reasonable implication," when it denied the Petition for a Writ of Habeas Corpus, this Court "must" deny Petitioner's Rule 59(e) Motion to Alter or Amend Judgment. *Hence,* 49 F. Supp. 2d at 553; *accord Brumley*, 909 F.3d at 841.

Petitioner also filed a motion for an evidentiary hearing. ECF No. 17. But a habeas petitioner is not entitled to an evidentiary hearing on non-meritorious claims. *See Stanford v. Parker*, 266 F. 3d 442, 459–60 (6th Cir. 2001). Because this Court has already found that

Petitioner's claims are meritless, he is not entitled to an evidentiary hearing. *Id.* For this reason, Petitioner's Motion for Evidentiary Hearing will be denied. Rule 6(a), 28 U.S.C. foll. § 2255.

Finally, Petitioner filed a motion for discovery. ECF No. 18. This Court has already determined that petitioner's allegations, even if true, would not entitle him to habeas relief. *See generally Hayes*, 2022 WL 989211. Because Petitioner's claims are without merit, Petitioner's Motion for Discovery "must be denied." *See Sellers v. United States*, 316 F. Supp. 2d 516, 523 (E.D. Mich. 2004). For this reason, Petitioner's Motion for Discovery will be denied. Rule 6(a), 28 U.S.C. foll. § 2255.

Accordingly, it is **ORDERED** that Petitioner's Motion to Alter or Amend Judgment, ECF No. 16, is **DENIED**.

Further, it is **ORDERED** that Petitioner's Motion for Evidentiary Hearing, ECF No. 17 is **DENIED**.

Further, it is **ORDERED** that Petitioner's Motion for Discovery, ECF No. 18, is **DENIED**.

Dated: May 11, 2022                    s/Thomas L. Ludington
                                       THOMAS L. LUDINGTON
                                       United States District Judge