UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

QUANDRAIKO HAYES,

    Petitioner,                             Case No. 1:19-cv-13470

v.                                       Honorable Thomas L. Ludington
                                          United States District Judge

CONNIE HORTON,

    Respondent.
_____/

**OPINION AND ORDER DIRECTING CLERK OF COURT TO TRANSFER MOTION FOR CERTIFICATE OF APPEALABILITY (ECF No. 21) AND APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS ON APPEAL (ECF No. 23) TO UNITED STATES COURT OF APPEALS FOR SIXTH CIRCUIT**

Petitioner Quandraiko Hayes filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction for assault with intent to do great bodily harm less than murder, intentionally discharging a firearm in a dwelling causing serious impairment of a body function, felony-firearm, and being a fourth felony habitual offender.

This Court denied the Petition and declined to grant Petitioner a certificate of appealability or leave to appeal *in forma pauperis*. *Hayes v. Horton*, No. 1:19-CV-13470, 2022 WL 989211, at *1 (E.D. Mich. Mar. 31, 2022). This Court later denied Petitioner's motions to alter or to amend the judgment, for an evidentiary hearing, and for discovery. *Hayes v. Horton*, No. 1:19-CV-13470, 2022 WL 1493507 (E.D. Mich. May 11, 2022).

Petitioner concurrently filed a notice of appeal, ECF No. 22, a motion for a certificate of appealability, ECF No. 21, and an application to proceed *in forma pauperis*, ECF No. 23.

When a district court denies a certificate of appealability, the proper procedure for petitioners is to file a motion for a certificate of appealability in the appellate court with their

appeal of the order or judgment that they are appealing. *See Sims v. United States,* 244 F. 3d 509 (6th Cir. 2001) (citing FED. R. APP. P. 22(b)(1)). Petitioner should, therefore, direct his request for a certificate of appealability to the Sixth Circuit. This Court, in the interests of justice, will order that Petitioner's Motion for a Certificate of Appealability be transferred to the United States Court of Appeals for the Sixth Circuit—rather than deny the motion, requiring Petitioner to refile it.

A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)); *see also Workman v. Tate*, 958 F. 2d 164, 167 (6th Cir. 1992). Petitioner's Notice of Appeal divests this Court of jurisdiction to consider his Motion to Proceed *in forma pauperis*. Jurisdiction of this action was transferred to the Sixth Circuit Court of Appeals upon the filing of the Notice of Appeal; thus, Petitioner's Motion may only be addressed by the Sixth Circuit. *See Grizzell v. Tennessee,* 601 F. Supp. 230, 232 (M.D. Tenn. 1984). This Court will, therefore, order that the Clerk of the Court transfer Petitioner's Motion to Procced *in forma pauperis* to the United States Court of Appeals for the Sixth Circuit under 28 U.S.C. § 1631.

Accordingly, it is **ORDERED** that the Clerk of the Court is **DIRECTED** to transfer the Motion for Certificate of Appealability, ECF No. 21, and the Application to Proceed Without Prepaying Fees and Costs on Appeal, ECF No. 23, to the United States Court of Appeals for the Sixth Circuit under 28 U.S.C. § 1631.

    Dated: June 8, 2022                                        s/Thomas L. Ludington
                                                                          THOMAS L. LUDINGTON
                                                                         United States District Judge